IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| WILLIAM HOWE, an Individual, and<br>D & D AUTO RESORT, LLC, an Illinois<br>limited liability company,<br><br>    Plaintiffs,<br><br>v.<br><br>ALEXANDR SHCHEKIN a/k/a<br>ALEXANDRE SHCHEKIN, an<br>Individual,<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | 15-cv-8675<br><br>Judge John Z. Lee |

## MEMORANDUM OPINION AND ORDER

Plaintiffs William Howe ("Howe") and D&D Auto Resort, LLC ("D&D") (together, "Plaintiffs") filed suit against Defendant Alexandr Shchekin ("Shchekin"), alleging that Shchekin violated federal securities law and committed common law fraud in connection with selling Howe membership units in ReadOz, LLC ("ReadOz"). Shchekin now moves to dismiss Plaintiffs' Amended Complaint under Federal Rule of Procedure ("Rule") 12(b)(6). For the reasons that follow, Shchekin's motion [51] is granted.

## Background

Beginning in May 2008, Shchekin—an owner and manager of digital publisher ReadOz—began soliciting Plaintiffs' investment in the company. Am. Compl. ¶¶ 8, 16, ECF No. 47. His solicitation was successful. On three occasions, Plaintiffs purchased "membership units" in ReadOz. First, on May 27, 2008, D&D

purchased 47,666 and 2/3 units for $71,500.00. *Id.* ¶ 17. Later, on September 15, 2009, Howe made an individual investment of an undisclosed amount and received 21,399.92 units. *Id.* ¶ 19. Finally, on April 8, 2011, Howe made another individual investment of an undisclosed amount and received 8750 units in return. *Id.* ¶ 22.

In connection with these purchases, Plaintiffs allege that Shchekin made a number of misrepresentations and omissions "[b]etween April 2008 and present." *Id.* ¶ 25. First, in connection with all three sales, Shchekin failed to advise Plaintiffs that the units were not registered with the Securities Exchange Commission (SEC). *Id.* ¶ 25(a). He also "never presented or delivered" a prospectus and "failed to ensure that [Plaintiffs] were accredited investors." *Id.* ¶¶ 25(b), 45.[1] Additionally, in connection with the 2009 and 2011 sales, Shchekin "failed to advise Howe that ReadOz could only accept investments over $50,000." *Id.* ¶ 25(c).[2]

Plaintiffs also identify a number of misrepresentations that Shchekin made on various dates from on or about February 17, 2010, to August 1, 2011, in the course of securing their investments. *See id.* ¶ 25. In general terms, the statements sought to reassure Plaintiffs of ReadOz's growth and solvency. *See, e.g.*, *id.* ¶ 25(m) ("In the same August, 17, 2010 correspondence, Shchekin claimed that ReadOz was

---

[1] The significance of the latter action appears to be that in 2007, Shchekin filed a "Notice of Sale of Securities" for ReadOz "pursuant to Regulation D of the Securities Act of 1933." *Id.* ¶ 12. In the filing, "Shchekin state[d] that the issuer (ReadOz) has not and does not intend to sell securities to non-accredited investors." *Id.* ¶ 14.

[2] As with Shchekin's failure to ensure Plaintiffs were accredited investors, the significance of this action appears to be another representation in the Regulation D filing in which "Shchekin state[d] that the minimum investment that will be accepted from any one individual is $50,001.00." *Id.* ¶ 15.

2

experiencing 1,000% growth and in excess of 750,000 readers on the ReadOz site monthly."). Plaintiffs further allege that, following their investments, Shchekin continued to reassure them of ReadOz's value. *Id.* ¶¶ 26–27. According to Plaintiffs, their "suspicions of fraud were confirmed in 2015 when they discovered Shchekin's continued efforts to solicit additional investment." *Id.* ¶ 28.

Plaintiffs filed their initial complaint before this Court on October 1, 2015. On May 13, 2016, the Court granted Plaintiffs' motion to file an amended complaint, and Plaintiffs filed their amended complaint thereafter, naming Shchekin and Andrew Menasce as Defendants. Andrew Menasce has since been dismissed. Plaintiffs' Amended Complaint contains two counts. Count I, brought solely by Howe, is titled "Violation of § 10(b)(5) of the Securities Act of 1934" and is based on Howe's April 8, 2011 investment in ReadOz. Count II is titled "Common Law Fraud" and is based on each of Plaintiffs' investments in ReadOz.

## **Legal Standard**

To survive a motion to dismiss pursuant to Rule 12(b)(6), a complaint must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Additionally, when considering motions to dismiss, the Court accepts "all well-pleaded factual allegations as true and view[s] them in the light most favorable to the plaintiff." *Lavalais v. Vill. of Melrose Park*, 734 F.3d 629, 632 (7th Cir. 2013)

(citing *Luevano v. Wal–Mart Stores, Inc.*, 722 F.3d 1014, 1027 (7th Cir. 2013)). At the same time, "allegations in the form of legal conclusions are insufficient to survive a Rule 12(b)(6) motion." *McReynolds v. Merrill Lynch & Co., Inc.*, 694 F.3d 873, 885 (7th Cir. 2012) (citing *Iqbal*, 556 U.S. at 678). As such, "[t]hreadbare recitals of the elements of the cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

In ruling on a motion to dismiss pursuant to Rule 12(b)(6), a district court should not require a plaintiff to "anticipate or overcome affirmative defenses such as those based on the statute of limitations." *O'Gorman v. City of Chi.*, 777 F.3d 885, 889 (7th Cir. 2015). But where a plaintiff "plead[s] himself out of court by including factual allegations that establish that the plaintiff is not entitled to relief as a matter of law," the court can dismiss the complaint accordingly. *Id.*

## Analysis

### I. Count I: Section 10(b) of the Securities and Exchange Act of 1934

#### A. Statute of Repose

Shchekin initially moves to dismiss Count I to the extent it relies on fraudulent misrepresentations or omissions occurring prior to October 1, 2010. He argues that any such reliance is barred by the applicable statute of repose. Claims under Section 10(b) of the Securities and Exchange Act of 1934 are subject to the limitations and repose periods stated in 28 U.S.C. § 1658(b). *Merck & Co. v. Reynolds*, 559 U.S. 633, 638 (2010).

4

Section 1658(b) requires that a cause of action be brought within two years after discovery of facts constituting the violation (*i.e.*, the statute of limitations), or five years after the violation (*i.e.*, the statute of repose). 28 U.S.C. § 1658(b). The parties agree that the "violation" that triggers § 1658(b)'s limitations and repose periods is the date of a misrepresentation or omission made in connection with a sale that gives rise to a claim, rather than the date of the sale itself. Resp. at 3–4; Reply at 2; *see also McCann v. Hy-Vee, Inc.*, 663 F.3d 926, 932 (7th Cir. 2011) (holding that "violation" for the purposes of § 1658(b)(2) is the date of the "misrepresentation," triggering the period "from the date of the fraud rather than the date of the injury"). The parties disagree, however, on how the repose period should apply to the facts of this case.

Here, Plaintiffs filed suit initially on October 1, 2015. Thus, the repose period would seem to bar Howe from relying on any misrepresentations or omissions that occurred prior to October 1, 2010. Seeking to avoid this result, Howe asks this Court to apply a "continuing fraudulent scheme theory." Some district courts outside of this circuit have applied such a theory to blunt the statute of repose where a plaintiff alleges a series of misrepresentation or omissions, some inside and some outside the repose period. In such circumstances, these courts have held that the statute of repose "'runs from the date of the last alleged misrepresentation regarding related subject matter.'" *In re Beacon Assocs. Litig.*, 282 F.R.D. 315, 324 (S.D.N.Y. 2012) (quoting *Plymouth Cty. Ret. Ass'n v. Schroeder*, 576 F. Supp. 2d 360, 378 (E.D.N.Y. 2008)); *see also* Resp. at 3 (collecting cases).

5

Support for the theory, however, is tenuous. One court applying the theory has noted that "jurisdictions have arrived at varying and inconsistent results on this issue," *Plymouth Cty. Ret. Ass'n*, 576 F. Supp. 2d at 378, and the Court has found scant reasoning that supports the theory.

A majority of courts across circuits, however, have rejected the continuing fraudulent scheme theory. *Carlucci v. Han*, 886 F. Supp. 2d 497, 514 & n.9, 515 (E.D. Va. 2012) (collecting cases). These courts have relied on two different arguments, both based on statements by the Supreme Court that undercut the theory. First, to permit the repose period to run only from the date of the last misrepresentation in a series of misrepresentations would read into the statute a form of equitable tolling that preserves earlier misrepresentations. *Carlucci*, 886 F. Supp. 2d at 515. The Supreme Court, however, has held that a bar virtually equivalent to § 1658(b)(2) is not subject to equitable tolling. *Lampf, Pleva, Lipkind, Prupis & Petigrow v. Gilbertson*, 501 U.S. 350, 363 (1991), *superseded on other grounds as stated in Merck*, 559 U.S. at 647–78. Additionally, the Supreme Court has elsewhere characterized § 1658(b)(2) as "unqualified" and "giving defendants *total* repose after five years." *Merck*, 559 U.S. at 650 (emphasis added). The Supreme Court offered this characterization in order to defuse concerns that predicating the running of the statute of limitations in § 1658(b)(1) upon a reasonable investor's discovery of pertinent facts would permit "stale claims." *Id.* The Court agrees with the reasoning of *Carlucci* and similar cases and concludes that reading the continuing fraudulent scheme theory into § 1658(b)(2) would

unjustifiably qualify the repose period and permit stale claims. *See Carlucci*, 886 F. Supp. 2d at 515.

Applying the statute of repose to Howe's claim in Count I, § 1658(b)(2) bars Howe from relying on any misrepresentations or omissions in support of his claim that occurred before the filing of his initial complaint on October 1, 2015. Howe's complaint identifies various misrepresentations and omissions that predate October 1, 2010. *See* Am. Compl. ¶¶ 25(d)–(m). Thus, the complaint establishes everything necessary for the repose period to apply as a matter of law. *See O'Gorman*, 777 F.3d at 889. Howe's claim in Count I is therefore dismissed with prejudice to the extent it relies on misrepresentations or omissions that predate October 1, 2010.

    b.    Federal Rule of Civil Procedure 9(b) and the Private Securities Litigation Reform Act of 1995

Shchekin then moves to dismiss any remaining claims under Count I, arguing that Plaintiffs' remaining pleadings do not satisfy the heightened pleading requirements applicable to such claims under Rule 9(b) and the Private Securities Litigation Reform Act of 1995 (PSLRA). Section 10(b) of the Securities and Exchange Act of 1934 prohibits the "use or employ, in connection with the purchase or sale of any security . . . , [of] any manipulative or deceptive device or contrivance in contravention of such rules and regulations as the [SEC] may prescribe as necessary or appropriate in the public interest or for the protection of investors." 15 U.S.C. § 78j(b). The SEC in turn promulgated § 10b-5, which forbids "mak[ing] any untrue statement of a material fact or . . . omit[ting] to state a material fact necessary in order to make the statements made, in the light of the circumstances

7

under which they were made, not misleading . . . in connection with the purchase or sale of any security." 17 C.F.R. § 240.10b-5. The basic elements of a § 10b-5 claim are: "(1) a material misrepresentation or omission by the defendant; (2) scienter; (3) a connection between the misrepresentation or omission and the purchase or sale of a security; (4) reliance upon the misrepresentation or omission; (5) economic loss; and (6) loss causation." *Stoneridge Inv. Partners, LLC v. Sci.-Atlanta*, 552 U.S. 148, 157 (2008).

As a general matter, § 10b-5 claims sound in fraud and are therefore subject to the heightened pleading requirements of Rule 9(b). *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 319 (2007). Thus, the complaint must state with particularity the circumstances of the purported fraud. *Gandhi v. Sitara Capital Mgmt., LLC*, 721 F.3d 865, 869 (7th Cir. 2013). These circumstances include the identity of the party who made the alleged misrepresentation, the time, place, and content of the misrepresentation, and the method of communication of the purported misrepresentation. *Id.* But the PSLRA goes beyond Rule 9(b), imposing even more demanding requirements on § 10b-5 claims. *Tellabs*, 551 U.S. at 320–21. In particular, the PSLRA instructs that "the complaint shall specify each statement alleged to have been misleading . . . [and] the reason or reasons why the statement is misleading." 15 U.S.C. § 78u-4(b)(1). Additionally, the complaint must "state with particularity facts giving rise to a strong inference that the defendant acted with the required state of mind." *Id.* § 78u–4(b)(2)(A). If these requirements are

8

not met, the Court must, on defendant's motion, dismiss the complaint. *Id.* § 78u–4(b)(3)(A).

Removing the repose-barred misrepresentations and omissions from Plaintiffs' complaint, there appear to be only four remaining bases for Howe's § 10b-5 claim: (1) "Shchekin never presented or delivered to Howe a prospectus for his investment in ReadOz," Am. Compl. ¶ 31; (2) "Shchekin knowingly sold securities to an unaccredited investor, Howe," *id.* ¶ 33; (3) "Shchekin sold unregistered securities to Howe," *id.* ¶ 34; and (4) "Shchekin failed to advise Howe that ReadOz could only accept investments over $50,000," *id.* ¶ 25(c).[3]

These remaining allegations are deficient under the PSLRA in a number of different ways. As an initial matter, Shchekin's purported actions are just that: actions. They are not false statements of fact or omissions of material facts that render statements misleading. While Howe might have proceeded under a different theory that would not require misrepresentations or omissions, *see Affiliated Ute Citizens of Utah v. United States*, 406 U.S. 128, 152–53 (1972), he offers Shchekin's actions only as such, Am. Compl. ¶ 31, Resp. at 8, and thus fails to make out the first element of his prima facie case.

Construed most charitably, however, Howe identifies three incidents that could constitute omissions: Shchekin failed to tell Howe that investment units in

---

[3] Howe incorporates and re-alleges much of the complaint in Count I, *id.* ¶ 29, and alludes to other misrepresentations and omissions, *id.* ¶¶ 31, 35. But based on the Court's review of the complaint, these other misrepresentations or omissions are either barred by the statute of repose, post-date Howe's April 11, 2011 investment, or are not sufficiently identified in the complaint so as to comply with the PSLRA.

9

ReadOz were only available to accredited investors, failed to inform Howe that the investment units were unregistered, and failed to advise Howe of the $50,000 investment threshold. Howe, however, does not allege with particularity why these omissions are misleading; he has not identified any particular statements that Shchekin made and coupled them with specific, contradictory information known to Shchekin that rendered his statements misleading. *Constr. Workers Pension Fund—Lake Cty. & Vicinity v. Navistar Int'l Corp.*, 114 F. Supp. 3d 633, 651 (N.D. Ill. 2015); *Garden City Employees' Ret. Sys. v. Anixter Int'l, Inc.*, No. 09-CV-5641, 2012 WL 1068761, at *5 (N.D. Ill. Mar. 29, 2012); *see also Babin v. Shchekin*, No. 16 C 5722, 2017 WL 403568, at *8 (N.D. Ill. Jan. 30, 2017) (dismissing a pleading containing purported omissions identical to those in this case on similar grounds). Perhaps Howe's hope was that the Court would draw a connection between Shchekin's alleged "omissions" and Shchekin's purported statements in ReadOz's 2008 Regulation D filing. Am. Compl. ¶¶ 14–15. But Howe does not plead this connection himself, as the PSLRA requires him to do. *Alizadeh v. Tellabs, Inc.*, No. 13 C 537, 2014 WL 2726676, at *5 (N.D. Ill. June 16, 2014) (discouraging "puzzle pleading" in which plaintiffs abdicate their role of connecting representations to contradictions).

What is more, Howe does not indicate whether Shchekin's statements in the 2008 filing were still valid in 2011, given that ReadOz's Notice of Sale of Securities allegedly expired in 2008. Am. Compl. ¶ 11. This gap raises unanswered questions as to how Shchekin's omissions were fraudulent and the precise timing of

10

Shchekin's purported fraud, neither of which Howe provides. *See id.* ¶ 25 (identifying a vague time frame of "[b]etween April 2008 and present"). And, even if the statements were still valid in 2011, Howe fails to indicate how Shchekin's statements in the 2008 filing rendered his actions misleading. Howe's theory appears to be that Shchekin's statement that he had not and did not intend to sell securities to unaccredited investors, and that the minimum investment would be $50,000, prohibited him from deciding otherwise. But this is just the Court's best guess. Howe fails to explain his theory of fraud with particularity.

An additional failing in Howe's pleading is his conclusory allegations of scienter. Howe acknowledges in his response that he has an obligation to plead facts giving rise to a strong inference of scienter. Resp. at 8. In determining if a pleading raises this inference, the Court must accept all factual allegations in the complaint as true, consider alternative, innocent explanations for Shchekin's conduct that are plausible, and determine if a reasonable person would find the inference of scienter "cogent and at least as compelling" as any innocent inference. *Tellabs*, 551 U.S. at 322–24. Howe's conclusory allegations of scienter—that "Shchekin intentionally made the [stated] misrepresentations and omissions of material facts in order to convince Howe to invest in ReadOz," Am. Compl. ¶ 36—are insufficient to satisfy the PSLRA. *Greer v. Advanced Equities, Inc.*, 683 F. Supp. 2d 761, 775–76 (N.D. Ill. 2010) (citing *Pugh v. Tribune Co.*, 521 F.3d 686, 700 (7th Cir. 2008)).

11

For these reasons, Shchekin's motion to dismiss what remains of Howe's § 10b-5 claim in Count I is granted. Given that Plaintiffs have only amended their complaint once (on their own accord without a ruling from this Court), and mindful of the demanding pleading standards of the PSLRA, *Fannon v. Guidant Corp.*, 583 F.3d 995, 1002 (7th Cir. 2009), the dismissal is without prejudice.

## II.  Count II: Common Law Fraud

Shchekin also moves to dismiss Plaintiffs' common law fraud claim in Count II. But the Court's jurisdiction is anchored in Plaintiffs' federal § 10b-5 claim, and having dismissed that claim, the Court has discretion to decline the exercise of supplemental jurisdiction over Plaintiffs' remaining state law claim. 28 U.S.C. § 1367(c)(3). The general rule is that the Court should decline jurisdiction where a case has not reached trial in order to avoid intruding upon questions that arise purely under state law. *Burritt v. Ditlefsen*, 807 F.3d 239, 252 (7th Cir. 2015). Seeing no reason deviate from this rule, *id.*, the Court dismisses Plaintiff's state law claims without prejudice. Should Plaintiffs file an amended complaint, they are at liberty to re-allege their common law fraud claim, at which time Shchekin can renew his arguments for dismissal.

## **<u>Conclusion</u>**

For the reasons stated herein, the Court grants Shchekin's motion to dismiss [51]. Plaintiffs' claims are dismissed without prejudice except as noted. To the extent Plaintiffs wish to amend their claims, they must do so by March 27, 2017. If

12

Plaintiffs fail to do so, the Court will assume that they no longer wish to pursue this litigation.

**IT IS SO ORDERED.**         ENTERED     3/3/17

_____
**John Z. Lee
United States District Judge**